IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 1: 16cv1393 LO/JFA |
| | ) | |
| ASSORTED ARTIFACTS, | ) | |
| | ) | |
| Defendant. | ) | |

VERIFIED COMPLAINT *IN REM*

Plaintiff, United States of America, by its undersigned attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Karen Ledbetter Taylor, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF THE ACTION

1. This is a Verified Complaint for Forfeiture *In Rem* brought pursuant to Title 18, United States Code, Section 545, for the forfeiture of:

1. 15 painted pottery items;
2. 1 stone piece; 9 metalware items (spoon, flask, leaf ornaments, bracelets);
3. 9 Bronze arrowheads;
4. 1 lot of small beads; pendants, and seals;
5. 28 Ancient coins (Silver, Copper, Billon);
6. 26 Medieval coins (Silver, Copper, Billon);

7. 1 lot of early medieval copper coins (cleaned and uncleaned); and

8. 1 lot of rings and ring seals

(hereinafter, "defendant property"), as any property traceable to a violation of Title 18 Section 545.

## THE DEFENDANT *IN REM*

2. Waleed Ziad agreed to voluntarily turn the defendant property over to Homeland Security Investigations Special Agent Jay Call on September 21, 2016. The defendant property is presently in the custody of Homeland Security Investigations (HSI) in the evidence room for HSI, which is located within the Eastern District of Virginia.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court has jurisdiction over this action in particular pursuant to the applicable forfeiture statute, 18 U.S.C. § 545.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1395(b), as the property is within the Eastern District of Virginia. Moreover, the Court will have control over the defendant property upon the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the defendant property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b).

5. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1395(b), because the defendant property is located within this district.

## BASIS FOR FORFEITURE

6. Merchandise introduced into the United States in violation of 18 U.S.C. § 545 is subject to forfeiture pursuant to 18 U.S.C. § 545.

## FACTS

7. Waleed Ziad ("Ziad") is a collector of ancient artifacts.

8. Ziad met Ijaz Khan ("Khan") in or about 2005 on eBay, where he was looking to purchase ancient coins from Pakistan.

8. From 2006 through at least 2010, Ziad purchased ancient coins and artifacts from Khan. These artifacts included pottery from the Indus Valley region of Pakistan.

9. Based on the ongoing investigation, including an appraisal of similar artifacts seized at Washington Dulles International Airport, the artifacts were determined to have been taken illegally from Pakistan and brought into the United States.

9. Ziad agreed to turn over the artifacts purchased from Khan to HSI. The items were taken into possession by HSI on or about September 21, 2016.

## CONCLUSION

10. Based on the foregoing, the defendant property is subject to forfeiture as merchandise introduced into the United States in violation of 18 U.S.C. § 545.

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant property, and that due notice be given to all interested parties to appear and show cause why said forfeiture of the defendant property should not be decreed, that the defendant property be condemned and forfeited to the United States to be disposed of according to law, and for such other and further relief as this Honorable Court may deem just and proper.

DATED this 3rd day of November 2016.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: Karen L. Taylor

Karen Ledbetter Taylor
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U. S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3982
Email Address: Karen.Taylor2@usdoj.gov

VERIFICATION

Before me, the undersigned authority, on this date personally appeared Homeland Security Investigations Special Agent Jay Call, who after being duly sworn, states that he makes this verification for and on behalf of the Plaintiff, United States of America, that he has read the foregoing complaint and knows the contents thereof, that his information and knowledge about its contents was obtained by him in the course of his investigation and that of other law enforcement officers and government agents, and that the matter and things set forth in the complaint are true to the best of his knowledge, information and belief.

Jay Call

Special Agent Jay Call
Homeland Security Investigations

SUBSCRIBED and SWORN to before me
this 3rd day of November 2016.

Dani Zir

Notary Public

DANI ELIZABETH ZIRK
COMMONWEALTH
REGISTRATION #
7668889
MY COMM. EXP.
03-31-2020
OF VIRGINIA
NOTARY PUBLIC

My commission expires: 3/31/2020
Alexandria, Virginia