IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FEB 2 1 2017

CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16cv1393 (LO/JFA) |
| | ) | |
| ASSORTED ARTIFACTS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's Request for Default Judgment and Order of

Forfeiture. (Docket no. 8). In this motion, the United States of America ("plaintiff") seeks a

default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and Local Admiralty Rule (c)(5) and the

entry of an Order of Forfeiture pursuant to 18 U.S.C. § 545 against defendant Assorted Artifacts

("defendant property"). (*Id.*). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate

judge is filing with the court his proposed findings of fact and recommendations, a copy of

which will be provided to all interested parties.

### Procedural Background

On November 3, 2016, plaintiff filed a verified complaint *in rem* for forfeiture. (Docket

no. 1) ("Compl."). The complaint alleges that the defendant property was voluntarily

relinquished to Homeland Security Investigations ("HSI"), is currently in HSI custody, and

should be forfeited to plaintiff as merchandise introduced to the United States in violation of 18

U.S.C. § 545. (*Id.*). A warrant for arrest *in rem* was issued on November 10, 2016 (Docket no.

3), and the executed warrant for the arrest *in rem* was filed with the court on November 15, 2016

(Docket no. 4).

On January 24, 2017, plaintiff filed a declaration with the court asserting that notice of this civil forfeiture action was published on an official government internet site, www.forfeiture.gov, for thirty consecutive days beginning on November 15, 2016, in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). (Docket no. 5). Any claimant to the defendant property was required to file a verified claim within sixty days from the first day of publication on the official government internet site, Supp. R. G(5)(a)(ii)(B), and an answer to the complaint or Fed. R. Civ. P. 12 motion within twenty-one days after the filing of a claim, Supp. R. G(5)(b).

No claim to the defendant property was made within sixty days after notice was published on the official government site and no answer to the complaint or motion under Rule 12 has been filed by any claimant. Following the expiration of the time period for filing a claim, plaintiff filed a request for entry of default. (Docket no. 6). Pursuant to this request, the Clerk entered a default on January 26, 2017. (Docket no. 7).

On January 31, 2017, plaintiff filed a motion for default judgment and request of forfeiture (Docket no. 8) and notice setting a hearing on the motion before the undersigned for February 17, 2017 (Docket no. 9). On February 13, 2017, the undersigned ordered plaintiff to file a supplemental memorandum (1) explaining whether plaintiff had complied with Rule G(4)(b) of the Supplemental Rules by sending direct notice of this action to any potential claimants and (2) further detailing its allegation that the defendant property was introduced to the United States in violation of 18 U.S.C. § 545. (Docket no. 10). Plaintiff filed a supplemental memorandum addressing both issues on February 15, 2017. (Docket no. 11). On February 17, 2017, counsel for plaintiff appeared at the hearing on the motion before the undersigned and no claimant appeared on behalf of the defendant property.

## Factual Background

Waleed Ziad, an ancient artifact collector, purchased ancient coins and artifacts from Ijaz Khan, who he met on eBay, from 2006 through 2010. (Compl. ¶¶ 7–9). Plaintiff alleges that based on an ongoing investigation, the defendant property was determined to have been taken illegally from Pakistan and brought into the United States. (Compl. ¶ 9). Mr. Ziad voluntarily agreed to surrender the defendant property to HSI Special Agent Jay Call on September 21, 2016. (Compl. ¶ 2). On October 21, 2016, a grand jury in the Eastern District of Virginia returned a superseding indictment charging Ijaz Khan with, among other things, smuggling goods into the United States in violation of 15 U.S.C. § 545. (Docket no. 11-1 at 30). A jury convicted Ijaz Khan of violating § 545 on February 9, 2017. (Docket no. 11-3 at 2). At the time of the filing of this complaint, the defendant property was in the custody of HSI within the Eastern District of Virginia. (*Id.*). The defendant property that is subject to this action includes: (1) fifteen painted pottery items; (2) one stone piece and nine metalware items; (3) nine bronze arrowheads; (4) one lot of small beads, pendants, and seals, (5) twenty-eight ancient coins of silver, copper, and billon, (6) twenty-six medieval coins of silver, copper, and billon; (7) one lot of early medieval copper coins; and (8) one lot of rings and ring seals. (Compl. at 1–2).

## Proposed Findings and Recommendations

Supplemental Rule G(4) provides that a judgment of forfeiture "may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders." Supp. R. G(4)(a)(i). The notice may be posted "on an official internet government forfeiture site for at least 30 consecutive days." Supp. R. G(4)(a)(iii)(B). Any claimant asserting an interest in the defendant property must file a claim "no later than 30 days after final publication of newspaper notice or legal notice under Rule

G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site." Supp. R. G(5)(ii)(B).

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default, and a claimant who fails to assert a claim *in rem*, admits the factual allegations in the complaint. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."); *United States v. All Assets Listed in Attachment A*, No. 1:14-cv-969, 2015 WL 1401747, at *2 (E.D. Va. March 25, 2015) (internal citations omitted). Civil forfeiture complaints must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. District courts have original jurisdiction over actions commenced by the United States, 28 U.S.C. § 1345, and over actions for forfeiture, 28 U.S.C. § 1355(a). The United States of America is the plaintiff in this action for the forfeiture of the defendant property. Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 & 1355(a). Since the defendant property is located in the Eastern District of Virginia, this

court has *in rem* jurisdiction over that property. Similarly, venue is proper in this court pursuant to 28 U.S.C. § 1395(b) since the property is located in this district.

**Grounds for Entry of Default**

On November 3, 2016, plaintiff filed a verified complaint *in rem* for forfeiture, alleging that the defendant property should be civilly forfeited pursuant to 18 U.S.C. § 545. (Compl.). Pursuant to Supplemental Rules G(3)(b) & (c), a warrant of arrest *in rem* was executed on defendant property and on November 15, 2016, a certificate of service with an executed warrant for arrest *in rem* was filed with the Clerk of Court. (Docket no. 4). Notice of the complaint was published on an official government internet site, www.forfeiture.gov, for thirty consecutive days beginning on November 15, 2016. (Docket no. 5).

Any claimant to the defendant property was required to file a claim no later than sixty days after publication on the official government internet site. Supp. R. G(5)(a)(ii)(B). Accordingly, any claim would have been due no later than January 16, 2017. Supplemental Rule G(5)(b) also requires a claimant to file and serve an answer or Fed. R. Civ. P. 12 motion within twenty-one days after filing the claim. No individual or entity filed either a claim or answer in this matter, and the time for doing so has expired.

The United States did not provide direct notice to any potential claimant under Supplemental Rule G(4)(b). That provision requires the government to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government[.]" In its request for entry of default, plaintiff represented only that "[u]pon information and belief, no person or entity thought to have an interest in the defendant property is an infant, incompetent, or presently engaged in military service." (Docket no. 6-1 at 3). On February 14, 2017, Waleed Ziad signed a waiver in which

5

he explained that he voluntarily relinquished the defendant property to HSI and waived any

interest in such property. (Docket no. 11-4). Based on the facts before the court, it appears that

Mr. Ziad was the only known potential claimant as to the defendant property. Because Mr. Ziad

indicated that he has waived all rights in the defendant property, plaintiff was not required to

send direct notice to any claimant.

After the time period for a person to assert an interest in the defendant property had

expired, plaintiff requested entry of default on January 25, 2017. (Docket no. 6). The Clerk of

Court entered default on January 31, 2017. (Docket no. 7). The undersigned recommends a

finding that notice of this action was given properly, that no claim to the defendant property was

asserted in a timely manner, and that the Clerk of Court properly entered default as to the

defendant property under Fed. R. Civ. P. 55(a) and Local Admiralty Rule (c)(4) and (5).

### Liability

Because no claim or answer was filed in this matter and the Clerk of Court properly

entered a default, the factual allegations in the complaint are deemed admitted. Fed. R. Civ. P.

8(b)(6). As set forth in the complaint, Waleed Ziad purchased ancient coins and artifacts,

including the defendant property, from Ijaz Khan from 2006 through 2010. (Compl. ¶ 8). Based

on an ongoing investigation, the defendant property in Mr. Ziad's control was determined to

have been taken illegally from Pakistan and brought into the United States in violation of 18

U.S.C. § 545. (Compl. ¶ 9). On September 21, 2016, Mr. Ziad agreed to voluntarily relinquish

the defendant property to HSI Special Agent Jay Call. (Compl. ¶ 2). Plaintiff's supplemental

memorandum further details that on October 12, 2016, a grand jury in the Eastern District of

Virginia returned a superseding indictment charging Ijaz Khan and others with smuggling goods

into the United States in violation of § 545. (Docket no. 11-1 at 30). Ijaz Khan was

subsequently convicted by a jury of smuggling goods into the United States in violation of § 545 on February 9, 2017. (Docket no. 11-3 at 12).

Section 545 provides that an individual who introduces merchandise to the United States by smuggling, clandestine activity, or fraudulent invoicing is subject to fines and imprisonment and any such merchandise "shall be forfeited to the United States." 18 U.S.C. § 545. In order to effect the forfeiture, the United States must establish probable cause that a violation of § 545 has occurred. *United States v. Ahmad*, 213 F.3d 805, 809 (4th Cir. 2000). The verified complaint alleges that the defendant property was introduced to the United States in violation § 545, so is thus subject to forfeiture. (Docket no. 1 at 3).

While the complaint fails to specify any details of how the defendant property was determined to violate § 545, plaintiff's supplemental memorandum details Ijaz Khan's indictment and conviction of smuggling the defendant property into the United States in violation of § 545. (Docket no. 11). Evidence of Ijaz Khan's indictment and conviction constitutes "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial," as required by Supplemental Rule G(2)(f) and meets the probable cause standard required by the Fourth Circuit. For these reasons, the undersigned recommends that default judgment be entered in favor of the United States and that an order of forfeiture be entered declaring that the defendant property be forfeited to the United States pursuant to 18 U.S.C. § 545.

## Conclusion

For the foregoing reasons the undersigned recommends that default judgment be entered in favor of the United States of America and that an order of forfeiture be entered declaring that the defendant property be forfeited to the United States of America pursuant to 18 U.S.C. § 545.

7

## Notice

By means of the court's electronic filing system the parties and the public are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 21st day of February, 2017.

/s/

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia